# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GILBERTO CRUZ and NORMA MELENDEZ, on behalf of themselves and all others similarly situated,

                Plaintiffs,

- against -

D.F. STAUFFER BISCUIT CO., INC.,

                Defendant.

**ORDER**

20 Civ. 2402 (PGG) (JLC)

---

PAUL G. GARDEPHE, U.S.D.J.:

        In this putative class action, Plaintiffs Gilberto Cruz and Norma Melendez assert that Defendant D.F. Stauffer Biscuit Co., Inc.'s packaging for its Lemon Snaps cookies is false and misleading. The Amended Complaint alleges violations of Sections 349 and 350 of the New York General Business Law ("GBL"), negligent misrepresentation, fraud, and unjust enrichment under New York law, as well as breach of warranty under New York law and the Federal Magnuson-Moss Warranty Act. (Am. Cmplt. (Dkt. No. 18) ¶¶ 64-106) Defendant has moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 31)

        On June 17, 2021, this Court referred Defendant's motion to Magistrate Judge James L. Cott for a Report and Recommendation ("R&R"). (Dkt. No. 35) On November 4, 2021, Judge Cott issued an R&R, recommending that Defendant's motion be granted, and that this case be dismissed with prejudice. (R&R (Dkt. No. 36)) Plaintiff has submitted objections to the R&R. (Pltf. Obj. (Dkt. No. 37))

        For the reasons stated below, Plaintiffs' objections will be overruled, the R&R will be adopted in its entirety, and the Amended Complaint will be dismissed with prejudice.

# BACKGROUND

I. **FACTS**[1]

Defendant D.F. Stauffer Biscuit Co. ("Stauffer") is a Pennsylvania corporation that manufactures and distributes "flat, brittle drop cookies," including "Lemon Snaps" (the "Cookies"). (Am. Cmplt. (Dkt. No. 18) ¶¶ 1, 39) Plaintiffs – who are citizens of New York – allege that they purchased the Cookies on one or more occasions in New York between 2019 and 2020. (Id. ¶¶ 44-45, 48-49) Because the front label of the Cookies' packaging contains the words "Lemon Snaps" and a picture of lemons, Plaintiffs contend that the Cookies' packaging conveys that the Cookies' lemon flavor is derived from real lemons – not artificial lemon and citrus flavors. (Id. ¶¶ 3-4, 16, 20)

The front and back panels of the Cookies' packaging are shown below:



(Id. ¶¶ 3, 18)[2]  The center of the front panel reads: "Lemon Snaps" and "Quality Since 1871." (Id. ¶ 3) A picture of the Cookies next to lemons is also displayed on the front panel of the

---

[1] The facts set forth in this Order are drawn from the Amended Complaint and are presumed true for purposes of resolving Defendant's motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

[2] Although the Amended Complaint focuses on the "Lemon" wording and the picture of the lemons on the front panel of the Cookie's packaging, this Court must consider the packaging as a whole in considering the sufficiency of Plaintiffs' claims. See Chambers v. Time Warner, Inc.,

2

packaging. (Id.) Above the term "Lemon Snaps" is the brand name "Stauffer's." (Id.) The back panel of the packaging lists the Cookies' ingredients, which include "NATURAL AND ARTIFICIAL FLAVOR." (Id. ¶ 18)

Based on the term "Lemon Snaps," the lemon images on the front panel of the packaging, and the lack of "qualifying terms," Plaintiffs claim that they and other consumers are led to believe that the Cookies' lemon flavor comes predominantely, if not exclusively, from lemons. (Id. ¶¶ 13-16, 21, 28) Plaintiffs further complain that the ingredient list on the back panel does not inform consumers that the Cookies' lemon taste is predominantly from artificial lemon and citrus flavors. (Id. ¶¶ 20, 27) Plaintiffs further allege that "scientific testing" of the Cookies has revealed "that the probable amount of real lemon used in the [Cookies] is a trace or de minimis amount." (Id. ¶¶ 24-25) Plaintiffs also cite consumer surveys showing that consumers prefer to avoid artificial flavors. (Id. ¶¶ 9-12)

Plaintiffs maintain that – in deciding to purchase the Cookies – they relied on the alleged representation on the Cookies' packaging that the Cookies' lemon taste derives exclusively or predominantly from real lemons. (Id. ¶ 50) Plaintiffs further allege that, as a result of the misleading packaging, the Cookies command a higher price – no less than $2.49 for a 14-ounce package – than they would absent the allegedly misleading packaging. (Id. ¶¶ 32-35) Plaintiffs state that they would not have bought the Cookies, or would have paid less for them, had they known that the Cookies contain mostly artificial and citrus flavoring. (Id. ¶¶ 52-53)

---

282 F.3d 147, 152 (2d Cir. 2002) (citations omitted); Pichardo v. Only What You Need, Inc., No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020).

3

## II. PROCEDURAL HISTORY

The Complaint was filed on March 19, 2020. (Dkt. No. 1) On March 24, 2020, this case was referred to Judge Cott for general pretrial supervision. (Dkt. No. 5) On August 10, 2020, Defendant requested a pre-motion conference to discuss certain defects in the Complaint that provided the basis for a motion to dismiss. (Dkt. No. 14)

On September 24, 2020 – in response to Defendant's pre-motion letter – Plaintiffs filed the Amended Complaint. The Amended Complaint asserts the same causes of action alleged in the Complaint. (See Am. Cmplt. (Dkt. No. 18) ¶¶ 64-106)

On May 17, 2021, Defendant moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 31) On June 17, 2021, this Court referred Defendant's motion to Judge Cott for an R&R. (Dkt. No. 35) On November 4, 2021, Judge Cott issued an R&R, recommending that Defendant's motion be granted, and that this case be dismissed with prejudice. (R&R (Dkt. No. 36)) On November 18, 2021, Plaintiffs submitted objections to the R&R. (Pltf. Obj. (Dkt. No. 37)) On December 2, 2021, Defendant filed a response. (Def. Resp. (Dkt. No. 38))

## DISCUSSION

### I. LEGAL STANDARD

#### A. Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'"

4

Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in Phillips) (quoting Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error."  IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

5

### B. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." Kassner, 496 F.3d at 237 (citations omitted).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citation omitted). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

## II. THE REPORT AND RECOMMENDATION

In his R&R, Judge Cott recommends that Plaintiffs' GBL claims be dismissed, because Plaintiffs have not plausibly alleged that a reasonable consumer is likely to be misled by

6

the Cookies' packaging. (R&R (Dkt. No. 36) at 11-16)[3] Judge Cott likewise finds that Plaintiffs' claims for negligent misrepresentation, fraud, unjust enrichment, and breach of warranty fail as a matter of law. (Id. at 16-25) Judge Cott further recommends that Plaintiffs' request for leave to amend be denied. (Id. at 26-27)

### A. Claims Under GBL Sections 349 and 350

GBL Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," while GBL Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." In his R&R, Judge Cott accurately sets forth the pleading standard for claims brought under these provisions:

> To state a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Wynn [v. Topco Assocs., LLC, No. 19-CV-11104 (RA), 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021)] (quoting Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015)). To survive a motion to dismiss, "plaintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." Twohig v. Shop-Rite Supermarkets, Inc., 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021) (alteration and internal quotation marks omitted) (quoting Sarr v. BEF Foods, Inc., No. 18-CV-6409 (ARR) (RLM), 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020)). Rather, they must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." Id. (quoting Sarr, 2020 WL 729883, at *3). Finally, "[a]lthough the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, it is 'well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.'" Id. (internal quotations omitted).

> The Court considers the language of the Product label and its context in evaluating whether the packaging is deceptive. See, e.g., Pichardo v. Only What You Need, Inc., No. 20-CV-493 (VEC), 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020) ("When analyzing whether a label is deceptive, courts do not view the label in isolation. Instead, '[c]ourts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole.'") (internal citations omitted). "If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would

---

[3] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

7

dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim." Reyes v. Crystal Farms Refrigerated Distrib. Co., No. 18-CV-2250 (NGG) (RML), 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (quoting Davis v. Hain Celestial Grp., Inc., 297 F. Supp. 3d 327, 334 (E.D.N.Y. 2018)).

(R&R (Dkt. No. 36) at 7-8)

Here, Defendant does not dispute that the Cookies' packaging is "consumer-oriented conduct." Defendant argues, however, that Plaintiffs have not adequately pled (1) an actual injury, or (2) that a reasonable consumer would be misled by the Cookies' packaging. (Def. Br. (Dkt. No. 32) at 8-17)

Judge Cott concludes that Plaintiffs have pled an actual injury under GBL Sections 349 and 350, because "alleg[ations] that the deception led the product to be sold at a premium price compared to similar products represented in a non-misleading way" are "sufficient . . . to survive at [the motion to dismiss] stage." (Id. at 9-11 (citing Singleton v. Fifth Generation, Inc., No. 15-CV-474 (BKS) (TWD), 2016 WL 406295, at *10-11 (N.D.N.Y. Jan. 12, 2016) and Kacocha v. Nestle Purina Petcare Co., No. 15-CV-5489 (KMK), 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016)))

Judge Cott finds, however, that the Amended Complaint does not adequately allege that a reasonable consumer is likely to be misled by the Cookies' packaging. (Id. at 11-16) In so concluding, Judge Cott analogizes this case to the so-called "SDNY Vanilla Cases," in which courts in this District held that the use of the term "vanilla" on food products that contained only de minimis amounts of real vanilla is not misleading. (Id. at 11-16)[4] In these

---

[4] These cases include: Dashnau v. Unilever Mfg. (US), Inc., 529 F. Supp. 3d 235 (S.D.N.Y. 2021); Budhani v. Monster Energy Co., 527 F. Supp. 3d 667 (S.D.N.Y. 2021); Cosgrove v. Oregon Chai, Inc., 520 F. Supp. 3d 562 (S.D.N.Y. 2021); Twohig v. Shop-Rite Supermarkets, Inc., 519 F. Supp. 3d 154 (S.D.N.Y. 2021); Barreto v. Westbrae Nat., Inc., 518 F. Supp. 3d 795 (S.D.N.Y. 2021); Wynn v. Topco Assocs., LLC, No. 19-CV-11104 (RA), 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021); Steele v. Wegmans Food Mkts., Inc., 472 F. Supp. 3d 47 (S.D.N.Y.

8

cases, courts "found that the word 'vanilla' and/or images of vanilla flowers on a product's front label made a representation about the <u>flavor</u> of the product rather than its source." (Id. at 11 (emphasis in original) (citations omitted))

Judge Cott finds Plaintiffs' reliance on <u>Campbell v. Whole Foods Market Group, Inc.</u>, 516 F. Supp. 3d 370 (S.D.N.Y. 2021) (<u>see</u> Pltf. Opp. (Dkt. No. 33) at 11-13) to be misplaced. (R&R (Dkt. No. 36) at 13-15) In <u>Campbell</u>, the court found that packaging using the term "Honey Graham Crackers" and depicting an image of honey was materially misleading because, <u>inter alia</u>, honey was not the product's primary sweetener. (R&R (Dkt. No. 36) at 13) The court concluded that a reasonable consumer would infer that "honey" referred to an ingredient in the product, not merely an added flavor, because (1) "the graphics of the packaging treat[ed] the words 'graham' and 'honey' as equivalents"; (2) honey was a purported ingredient in the product; and (3) the packaging did not suggest that the flavor of honey could come from a product other than honey. (Id. (quotation marks and citation omitted))

Judge Cott finds that here, by contrast, "Plaintiffs' allegations that reasonable consumers would 'expect [the Cookies] to be flavored exclusively' or predominantly with real lemons are 'conclusory statements that the Court is not required to accept.'" (Id. at 14 (citing <u>Wynn</u>, 2021 WL 168541, at *3 and <u>Iqbal</u>, 556 U.S. at 678)) In this regard, Judge Cott notes that the Cookies' packaging "contains no ingredient claim such as 'made with lemons' or 'made from lemons'" (id. (citing <u>Dashnau</u>, 529 F. Supp. 3d at 244-45 and <u>Campbell</u>, 516 F. Supp. 3d at 383 n.4)), and "nothing on the Product label states or implies that the cookies' flavor is derived entirely or predominantly from real lemons or from natural, non-artificial ingredients" (id. at 14-

---

2020); <u>Cosgrove v. Blue Diamond Growers</u>, No. 19-CV-8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020); <u>Pichardo v. Only What You Need, Inc.</u>, No. 20-CV-493 (VEC), 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020).

9

15 (citing Wallace v. Wise Foods, Inc., No. 20-CV-6831 (JPO), 2021 WL 3163599, at *2 (S.D.N.Y. July 26, 2021); Twohig, 519 F. Supp. 3d at 162; and Budhani, 527 F. Supp. 3d at 679)).

Judge Cott further notes that Plaintiffs have not pled facts demonstrating that a reasonable consumer would assume that the Cookies' lemon flavor is derived primarily from the use of real lemons. (Id. at 15 (citing Wallace, 2021 WL 3163599, at *2)) Judge Cott also points out that "Plaintiffs do not allege that the Product does not taste like lemons, and therefore a consumer reasonably expecting a lemon-flavored cookie as a result of the packaging is not misled." (Id. (citing Pichardo, 2020 WL 6323775, at *5)) Finally, Judge Cott notes that "the Product's front label does not state that it is free of artificial flavors, suggest that real lemons are the only source of the cookies' lemon flavoring, or claim that the flavor from real lemons constitutes a certain percentage of the total lemon flavor." (Id. at 16 (emphasis in original))

Judge Cott concludes that "the ingredient label's statement that the Product contains 'natural and artificial flavors' is consistent with Stauffer's representations on the front of its packaging and serves as clarifying language about the source of the Product's lemon flavor." (Id. (citing Mantikas v. Kellogg Co., 910 F.3d 633, 637 (2d Cir. 2018)))

Finding that the Amended Complaint does not plead facts sufficient to demonstrate that a reasonable consumer would be misled by Defendant's packaging, Judge Cott recommends that Plaintiffs' GBL claims be dismissed. (Id.)

B. **Negligent Misrepresentation, Fraud, and Unjust Enrichment**

As to Plaintiffs' negligent misrepresentation, fraud, and unjust enrichment claims, Judge Cott finds that they "largely center on the same allegations of misleading business practices" as Plaintiffs' GBL claims, and fail for the same reasons. (Id. at 16-17 (citing Wynn,

10

2021 WL 168541, at *6; Barreto, 518 F. Supp. 3d at 806)) Judge Cott further concludes, however, that these common law claims suffer from additional pleading defects. (Id. at 17)

To plead negligent misrepresentation under New York law, a plaintiff must allege that

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 114 (2d Cir. 2012) (quotation marks and citations omitted). In assessing whether a plaintiff has adequately alleged a "special relationship," courts consider "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." Kimmell v. Schaefer, 89 N.Y.2d 257, 264 (1996). However, "[i]n the commercial context, a closer degree of trust between the parties than that of the ordinary buyer and seller is required to establish the 'existence of . . . a special relationship . . . [capable of] giv[ing] rise to an exceptional duty regarding commercial speech and justifiable reliance on such speech.'" Izquierdo v. Mondelez Int'l, Inc., No. 16-CV-04697 (CM), 2016 WL 6459832, at *8 (S.D.N.Y. Oct. 26, 2016) (alterations in Izquierdo) (quoting Kimmell, 89 N.Y.2d at 264).

Judge Cott concludes that Plaintiffs have not sufficiently alleged the existence of a special relationship. (R&R (Dkt. No. 36) at 18) Although Plaintiffs argue that Defendant "had 'special knowledge and experience' in the production and sale of baked goods" (id. (citing Pltf. Opp. (Dkt. No. 33) at 21)), Judge Cott notes that "nothing in the First Amended Complaint

11

suggests that the parties were engaged in anything more than basic commercial transactions in 2019 and 2020." (Id.)

To plead fraud under New York law, a plaintiff must plead facts showing "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) (citation omitted). Plaintiff must also meet the particularity requirements of Fed. R. Civ. P. 9(b), "which require[] that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 403 (2d Cir. 2015) (quotation marks and citation omitted). A plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent" – "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006) (quotation marks and citations omitted omitted).

Judge Cott concludes that Plaintiffs "fail[] to plead any facts that give rise to a strong inference of fraudulent intent." (R&R (Dkt. No. 36) at 24) In this regard, Judge Cott notes that Plaintiffs' conclusory allegation that Defendant's "fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its

12

statements were neither true nor accurate and misled consumers" (Am. Cmplt. (Dkt. No. 18) ¶ 103), does not satisfy the Rule 9(b) standard for fraudulent intent. (R&R (Dkt. No. 36) at 24)

As to unjust enrichment, Judge Cott concludes that this claim is "duplicative of [Plaintiffs'] 'core theory of deception, and if Plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects.'" (R&R (Dkt. No. 36) at 25 (quotation marks and alterations omitted) (quoting Barreto, 518 F. Supp. 3d at 809))

For these reasons, Judge Cott recommends that Plaintiffs' negligent misrepresentation, fraud, and unjust enrichment claims be dismissed.

C. **Breach of Warranty and Violation of the Magnuson-Moss Warranty Act**

The Amended Complaint asserts claims for breach of express warranty and breach of implied warranty of merchantability under New York law, as well as violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (Am. Cmplt. (Dkt. No. 18) at ¶¶ 84-96) Plaintiffs complain that the packaging's front panel and ingredient list do not disclose the amount of real lemon in the Cookies. (Id. ¶¶ 89-91) Plaintiffs further assert that "Defendant received notice and should have been aware of [the packaging's] misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product." (Id. ¶ 94)

To plead a breach of express warranty claim, a plaintiff must allege "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach." Goldemberg v. Johnson & Johnson Consumer Cos., 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (citations omitted). New York law requires a plaintiff to give notice of the breach of warranty to the seller before seeking recovery on a breach of express

13

warranty claim. See N.Y. U.C.C. § 2-607(3)(a) ("[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."); Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 589 (S.D.N.Y. 2021).

Judge Cott concludes that the Amended Complaint does not adequately plead a breach of express warranty claim because (1) Plaintiffs do not plead facts demonstrating that the Cookies "do[] not comport with the statements contained on the label"; and (2) Plaintiffs do not clearly allege that they satisfied New York's notice requirement. (R&R (Dkt. No. 36) at 20 (quotation marks and citations omitted)) Although the Amended Complaint alleges that Defendant "received notice . . . due to numerous complaints" from other consumers (Am. Cmplt. (Dkt. No. 18) ¶ 94), Judge Cott finds that this assertion is "unsupported by any specific factual allegations" and, in any event, does not satisfy the notice requirement. (R&R (Dkt. No. 36) at 21 (citing Colpitts, 527 F. Supp. 3d at 590 ("[T]he existence of prior complaints by other consumers cannot satisfy the notice requirement for th[e] suit.")))

As to Plaintiffs' claim for breach of the implied warranty of merchantability, Judge Cott concludes that Plaintiffs' failure to allege pre-suit knowledge is fatal to that claim. (Id. (citing Campbell, 516 F. Supp. 3d at 392)) Judge Cott also notes that Plaintiffs fail to allege any facts in support of an implied warranty claim, including that the Cookies are not "'fit for human consumption.'" (Id. at 21-22 (quoting Silva v. Smucker Nat. Foods, Inc., No. 14-CV-6154 (JG) (RML), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015)))

Finally, Judge Cott concludes that Plaintiffs' claim under the Magnuson-Moss Warranty Act fails because Plaintiffs do not allege the existence of a "written warranty," as required by the Magnuson-Warranty Act. (Id. at 22-23 (citing 15 U.S.C. § 2301(6)(A)))

14

Judge Cott recommends that each warranty-based claim be dismissed.

### III. PLAINTIFFS' OBJECTIONS TO THE R&R

In their objections, Plaintiffs challenge Judge Cott's findings only as to their GBL claims. (Pltf. Obj. (Dkt. No. 37)) To the extent that Plaintiffs' objections do not merely repeat arguments set forth in their original brief, this Court will review Judge Cott's findings concerning Plaintiffs' GBL claims de novo. Judge Cott's remaining findings will be reviewed for clear error.

In their objections to the R&R, Plaintiffs contend that Judge Cott erred in relying on the SDNY Vanilla Cases. According to Plaintiffs, the front panel of the Cookies' packaging communicates the absence of artificial flavor. Under Plaintiffs' "omission-based theory," Defendant's failure to disclose on the front panel the presence of artificial flavor deceives consumers, who "are expecting to see [such a disclosure] on the front of the Product." (Id. at 7; see also id. ("Expecting an absence of artificial lemon flavoring, based on the failure of the front label to disclose this, coupled with pictu[r]es of lemons – is not patently implausible or unrealistic." (quotation marks and citation omitted)))

In response to Plaintiffs' objections, Defendant argues that the packaging's front panel cannot be read in isolation, and that "the rest of the Lemon Snaps' packaging adequately dispels [any consumer] confusion." "The ingredient label, which disclosed Stauffer's use of 'natural and artificial flavors,' is enough to clarify the product's flavor and the source of that flavor." (Def. Resp. (Dkt. No. 38) at 4)

### IV. ANALYSIS

This Court concludes that Judge Cott correctly found that the Cookies' packaging is not materially misleading. Plaintiffs' omission-based theory – which provides that Defendant

15

is required to disclose the presence of artificial flavor on the packaging's front panel because consumers are expecting to see such a disclosure there – suffers from several defects. As an initial matter, Plaintiffs have not pled facts in support of their speculative assertions that (1) consumers expect to see such as disclosure on the front label of a product; and (2) reasonable consumers view the front label of a product in isolation from the rest of the packaging. Moreover, the Second Circuit has made clear in similar cases that courts must consider a product's packaging as a whole, including both the front label and an ingredients list. See, e.g., Mantikas, 910 F.3d at 637 ("[R]easonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." (emphasis, quotation marks, and citation omitted)); Pichardo, 2020 WL 6323775, at *2 ("When analyzing whether a label is deceptive, courts do not view the label in isolation. Instead, courts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole." (quotation marks, alterations, and citations omitted)).

    Here, even if a consumer were to read the front panel of the packaging in isolation, the front panel does not state or suggest that the Cookies are free of artificial flavor or that the Cookies' lemon flavor is derived exclusively or primarily from real lemons. The front panel of the Cookies' packaging merely lists the type of cookie – "Lemon Snaps" – and a picture of lemons.[5]

---

[5] Plaintiffs mistakenly contend that Judge Cott found, "as a matter of law, [that] the source of a product's taste is immaterial." (Pltf. Obj. (Dkt. No. 37) at 9 (citing R&R (Dkt. No. 36) at 15)) Judge Cott made no such finding. Instead, he merely pointed out that Plaintiffs had not alleged that consumers were misled because the Cookies do not have a lemon flavor. (See R&R (Dkt. No. 36) at 15)

16

Given that the ingredients list found on the Cookies' packaging discloses that the Cookies contain "NATURAL AND ARTIFICIAL FLAVORS," this Court concludes as a matter of law that the Cookies' packaging – when considered as a whole – is not materially misleading.

Accordingly, Judge Cott's recommendation that Plaintiffs' GBL claim be dismissed will be adopted, and Plaintiffs' objections concerning their GBL claim will be overruled.

Plaintiffs have not objected to Judge Cott's recommendations concerning their remaining causes of action. Having reviewed the R&R as to those claims, this Court finds no clear error in Judge Cott's conclusions. Accordingly, Plaintiffs' negligent misrepresentation, fraud, unjust enrichment, and warranty-based claims will be dismissed.

## V.     LEAVE TO AMEND

A district court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). "In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." Twohig, 519 F. Supp. 3d at 168-69 (citations omitted).

Here – given the Amended Complaint's "insufficient allegations and the fact that Plaintiffs have already had an opportunity to amend their complaint" "after having the benefit of a pre-motion letter from Stauffer stating the grounds on which it would move to dismiss" – Judge Cott recommends that leave to amend be denied. (R&R (Dkt. No. 36) at 26-27 (citing Defendant's August 10, 2020 pre-motion letter, Dkt. No. 14)) Judge Cott notes that, while Plaintiffs have requested "in passing" that the Court grant leave to amend (see Pltf. Opp. (Dkt.

17

No. 33) at 23), they have "not suggested that they are in possession of facts that would cure the [identified] deficiencies." (R&R (Dkt. No. 36) at 26 (quotation marks and citations omitted))

Given the circumstances cited by Judge Cott, this Court finds no error in his recommendation. There is no reason to believe that a second amended complaint would cure the defects that have been brought to Plaintiffs' attention. Accordingly, leave to file a second amended complaint will be denied.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the Amended Complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 31), and to close this case.

Dated: New York, New York
September 29, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge

18